UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **Larry Darnell Crayton,** ) | FILED<br>U.S. District Court<br>District of Kansas<br><br>NOV 1 8 2024<br><br>Clerk, U.S. District Court<br>By MGM  Deputy Clerk |
| *Plaintiff,* ) | |
| v. ) | |
| **Bank of America Inc.,** and ) | Civil Action No. **6:24-cv-01207-HLT-BGS** |
| **Boeing Financial Benefits Services Center,** ) | |
| *Defendants.* ) | |

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

## I. INTRODUCTION

1. Plaintiff, Larry Darnell Crayton (hereinafter "Plaintiff"), hereby initiates this civil action to obtain legal redress for significant damages incurred due to the deceptive, fraudulent, and unethical practices engaged in by Bank of America Inc. (hereinafter "BOA") and Boeing Financial Benefits Services Center (hereinafter "Boeing Financial"). These entities, collectively referred to herein as "Defendants," have conducted themselves in manners that not only breached fiduciary duties owed to Plaintiff but also egregiously violated state and federal laws designed to protect the financial integrity and rights of individuals.

2. The actions of Defendants encapsulate a systematic pattern of behavior that was calculated to mislead, deceive, and exploit the trust Plaintiff placed in them as custodians and managers of his financial assets. This lawsuit seeks to address the profound personal and financial impact of Defendants' actions on Plaintiff, which extend beyond mere monetary loss to encompass significant distress and continuing financial instability.

3. Through this complaint, Plaintiff articulates the basis of his claims against Defendants, outlines the egregious nature of their actions, and delineates the scope of the equitable and legal relief sought. By filing this action, Plaintiff aims to not only recover the losses that he has suffered as a direct result of Defendants' conduct but also to ensure that such reprehensible actions are met with appropriate legal consequences.

4. The circumstances leading to this action involve not only unauthorized financial transactions and the opening of fraudulent accounts but also a complete disregard for the fiduciary responsibilities that Defendants owed to Plaintiff. Such conduct demonstrates a flagrant disregard for the rights and well-being of Plaintiff, meriting not only compensatory but also punitive measures to deter similar future conduct by Defendants or similar entities.

5. Plaintiff brings this action in pursuit of justice, accountability, and the reparation of his financial and emotional well-being, which have been severely compromised by the Defendants' actions. It is through the adjudication of this Court that Plaintiff seeks to restore his financial integrity and ensure that Defendants are held to account for their unlawful and unethical business practices.

## II. JURISDICTION AND VENUE

6. The United States District Court for the District of Kansas is vested with subject matter jurisdiction over the instant case under the auspices of 28 U.S.C. § 1332. This jurisdictional foundation is predicated upon the existence of complete diversity of citizenship between Plaintiff and each of the Defendants, coupled with the fact that the quantifiable damages claimed by Plaintiff, which exceed Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs, surmount the statutory threshold required for federal jurisdiction under the diversity statute. This Court is therefore empowered to adjudicate the claims presented, as they are neither insubstantial nor devoid of merit, but rather involve significant federal questions and substantial disputed amounts that warrant the intervention of this federal forum.

7. Venue is appropriately laid in this judicial district pursuant to 28 U.S.C. § 1391(b), which stipulates that a civil action may be brought in a judicial district where any defendant resides, if all defendants are residents of the State in which the district is located, or,

alternatively, where a substantial part of the events or omissions that give rise to the claim occurred. In the instant case, a significant portion of the actionable conduct—the unauthorized transactions and account activities, misrepresentations, breaches of fiduciary duty, and other injurious acts and omissions—transpired within this district. Moreover, this district has a material connection to the events at issue, as Plaintiff's financial accounts managed by Defendants, and the resultant damages suffered by Plaintiff, are situated and felt within this jurisdiction. Therefore, this district is not only the most logical but also the most justifiable venue for the resolution of the disputes herein due to its substantial nexus to the underlying facts and occurrences.

8. The establishment of both jurisdiction and venue in this Court is critical to ensure that the matter is adjudicated in a forum that is both convenient and legally appropriate, providing a setting that is fundamentally fair and geographically pertinent to all parties involved. This Court, therefore, holds the requisite authority and is geographically suited to oversee this dispute, ensuring that all legal and procedural requirements are met, and that justice is delivered efficiently and equitably to the parties herein.

## III. PARTIES

9. Plaintiff, born in Wichita Larry Darnell Crayton, is an individual and a legal resident of the State of Kansas, domiciled at 1555 W 23rd St N, #122, Wichita, Kansas 67204. Plaintiff has resided at this address continuously since his return from residing in the Philippines for the last 21 years for the relevant period over which the actionable events transpired. As such, Plaintiff has a significant and direct connection to the jurisdiction where the events giving rise to these claims occurred, and where he has consequently suffered substantial personal and financial harm.

10. Defendant Bank of America Inc. (hereinafter referred to as "BOA") is a national banking association duly organized and existing under the laws of the State of North Carolina with its principal place of business located at 100 North Tryon Street, Charlotte, North Carolina. BOA operates extensively across the United States, including within the State of Kansas, thereby subjecting it to the jurisdiction of this Court. BOA is in the business of providing a wide range of banking and financial services to individuals and entities, which includes the management of personal and business financial accounts, investment

services, and loans. As such, BOA is implicated directly in the matters at issue herein due to its alleged actions and omissions as detailed in the forthcoming allegations.

11. Defendant Boeing Financial Benefits Services Center is a business unit of The Boeing Company, a major aerospace firm that is incorporated in the State of Virginia with its principal place of business at 929 Long Bridge Drive, Arlington, Virginia. Boeing Financial is involved in the administration and management of financial benefits for its employees and other stakeholders, including the handling and oversight of pension funds, retirement accounts, and other financial benefits which pertain directly to Plaintiff's claims in this action. The division's activities and decisions, including those specifically alleged in this complaint, have direct implications for individuals residing in Kansas, making its inclusion as a Defendant both pertinent and necessary for the complete adjudication of the matters presented herein.

12. The inclusion of both Defendants is essential to the comprehensive resolution of the claims, as each played distinct but intersecting roles in the conduct that forms the basis of this lawsuit. The claims against each Defendant relate to actions taken within their respective scopes of business operations, which directly caused the damages claimed by Plaintiff.

## IV. FACTUAL ALLEGATIONS

13. On or about August 25, 2015, Defendant Boeing Financial, without the consent or authorization of Plaintiff, Larry Darnell Crayton, wrongfully released and disbursed funds in the amount of Ninety-Five Thousand Seven Hundred Seventy-Six Dollars and Eighty-Eight Cents ($95,776.88) from Plaintiff's designated financial account. This unauthorized disbursement was not only conducted without Plaintiff's knowledge but was also in direct contravention of the fiduciary duties owed by Boeing Financial to safeguard the financial assets entrusted to it by Plaintiff. The release of these funds occurred under circumstances that suggest either gross negligence or willful misconduct on the part of Boeing Financial, thereby inflicting substantial financial loss on Plaintiff.

14. Subsequent to the unauthorized disbursement of funds by Boeing Financial, Defendant Bank of America Inc. (BOA), in a further and compounding act of malfeasance, established a fraudulent bank account in the name of Plaintiff. This unauthorized account

creation took place shortly after the funds were disbursed from Plaintiff's original account and was facilitated by the improper use of Plaintiff's personal and financial information. Such actions by BOA were in clear violation of pertinent provisions of the United States Code, specifically aimed at protecting consumers against identity theft and financial fraud. Notably, these actions contravened 15 U.S.C. § 1681q, which criminalizes the willful procurement of consumer report information under false pretenses, and 18 U.S.C. § 1348, which addresses fraud in connection with securities and commodities.

15. The wrongful acts of Defendants were neither isolated nor accidental but were part of a broader pattern of negligent and fraudulent conduct that targeted Plaintiff's financial security. The sequence of events suggests a systemic failure on the part of Defendants to uphold their legal and ethical obligations, culminating in significant financial and emotional harm to Plaintiff. This series of events has not only deprived Plaintiff of rightful ownership and control over his financial assets but has also imposed upon him an undue burden of rectifying the unauthorized financial activities perpetrated by Defendants.

16. As a direct result of the above-stated actions by Defendants, Plaintiff has suffered considerable financial losses and emotional distress. These losses are not merely the immediate financial discrepancies but also include long-term impacts on Plaintiff's credit score, increased susceptibility to future fraud, and substantial time and resources expended in efforts to mitigate and rectify the consequences of Defendants' unauthorized actions.

## V. CLAIMS FOR RELIEF

**First Cause of Action: Fraud**

17. Defendants, by and through their actions as detailed herein, have willfully engaged in fraudulent acts that included the intentional misrepresentation of material facts and the deliberate misappropriation of Plaintiff's financial assets. These acts were carried out with the knowledge and intent to deceive Plaintiff, resulting in unauthorized transactions and the creation of fraudulent accounts, directly contravening established laws and ethical norms pertaining to financial transactions and consumer rights.

18. As a direct and proximate result of the fraudulent acts committed by Defendants, Plaintiff has suffered substantial financial damages, quantifiable both through the immediate loss of funds and through subsequent financial disruptions. Moreover, Plaintiff has endured significant emotional distress, manifesting as anxiety, stress, he has suffered a he,art attack, blindness and is currently on dialysis due to the many years of stress and hardship due to this situation and a diminished quality of life, all attributable to the betrayal of trust and the financial instability wrought by Defendants' actions.

**Second Cause of Action: Breach of Fiduciary Duty (Against Boeing Financial)**

19. Boeing Financial owed a fiduciary duty to Plaintiff, a duty rooted in their professional and contractual obligations to manage and safeguard Plaintiff's financial assets with the highest degree of care, loyalty, and prudence. This fiduciary duty is a cornerstone of the legal relationship between financial institutions and their clients, particularly in the management of sensitive and substantial financial resources.

20. Boeing Financial breached this fiduciary duty by acting negligently and with reckless disregard for the interests of Plaintiff when it unauthorizedly released funds from Plaintiff's account. This breach directly caused financial harm to Plaintiff, including but not limited to the loss of funds, unauthorized financial transactions, and subsequent complications in financial management and security.

**Third Cause of Action: Violation of the Fair Credit Reporting Act**

21. Defendants have further violated Plaintiff's rights under the Fair Credit Reporting Act (FCRA), which is designed to ensure the accuracy, fairness, and privacy of information in the files of consumer reporting agencies. Defendants misused Plaintiff's personal and financial information, facilitating unauthorized financial transactions and the establishment of a fraudulent account. Such misuse not only contravened the protective measures outlined in the FCRA but also led directly to adverse effects on Plaintiff's credit score, standing, and overall financial reputation. These actions have significantly hindered Plaintiff's ability to engage in financial activities, secure loans, and access credit facilities, imposing long-term repercussions on his financial stability.

**VI. RELIEF REQUESTED**

22. Plaintiff, Larry Darnell Crayton, respectfully requests the following relief from this honorable Court:

- **Compensatory Damages:** Plaintiff seeks monetary compensation for the direct financial losses sustained as a result of Defendants' wrongful actions, including but not limited to, the unauthorized disbursement and misappropriation of funds, and the subsequent financial hardship caused by the fraudulent activities and breaches of fiduciary duty.
- **Punitive Damages:** In addition to compensatory damages, Plaintiff seeks punitive damages against Defendants to serve as a deterrent against future similar conduct by Defendants or any similarly situated entities. These damages are warranted due to the willful, malicious, and fraudulent nature of Defendants' actions, which were conducted with a reckless disregard for the rights and welfare of Plaintiff.
- **Corrective Actions:** Plaintiff requests an order requiring Defendants to undertake all necessary actions to rectify the inaccuracies in his financial records and credit reports resulting from their wrongful actions. This includes but is not limited to the expungement of all fraudulent entries and restoration of Plaintiff's financial data to its accurate state.
- **Injunctive Relief:** Plaintiff seeks an injunction preventing Defendants from further fraudulent practices related to his financial and personal information.
- **Legal Fees and Costs:** Plaintiff seeks an award of attorney's fees and the costs associated with bringing this action, as is just and proper in the pursuit of this case.

23. As part of the equitable relief sought, Plaintiff insists upon a comprehensive audit and correction of all affected financial transactions and records, to be conducted under the supervision of the Court, to ensure that all adverse effects of Defendants' actions are fully ameliorated.

## VII. DEMAND FOR JURY TRIAL

24. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury on all issues so triable. Plaintiff asserts this right under the Seventh Amendment of the United States Constitution, which guarantees a jury trial in suits at

common law where the value in controversy shall exceed twenty dollars. Given the complexities and substantial nature of the factual and legal issues presented by this case, a jury trial is essential to achieve a just and equitable resolution of this dispute.

Respectfully submitted,

**Larry Darnell Crayton**

*Plaintiff*

Address: 1555 W 23rd St N #122

Wichita, Kansas 67204

Telephone: 316-945-6113

*[signature]*

Place of Trail   Wichita, KS