## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

LARRY DARNELL CRAYTON,      )
          )
         Plaintiff,     )
          )
      v.       )     Case No. 24-1207-HLT-BGS
          )
BANK OF AMERICA, *et al.*,     )
          )
         Defendant.    )
_____ )

## MEMORANDUM & ORDER ON *IN FORMA PAUPERIS* APPLICATION and
## REPORT & RECOMMENDATION FOR DISMISSAL

In conjunction with his Complaint, Plaintiff filed a Motion to Proceed Without Prepayment of Fees ("*In forma Pauperis* ('IFP') application") with a supporting financial affidavit (Docs. 3, 3-1, sealed).  For the reasons set forth herein, Plaintiff's IFP application (Doc. 4) is **GRANTED**.  The undersigned Magistrate Judge also **recommends** to the District Court that Plaintiff's Complaint (Doc. 1) be **DISMISSED** for failing to state a viable federal cause of action.

**I.**    **Motion to Proceed IFP.**

Under 28 U.S.C. § 1915(a), a federal court may authorize commencement of a civil action "without prepayment of fees or security therefor, by a person who submits an affidavit that . . . the person is unable to pay such fees or give security therefor."  To succeed on an IFP motion, "the movant must show a financial inability to pay the required filing fees."  *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005).  Proceeding IFP "in a civil case is a privilege, not a right – fundamental or otherwise."  *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998).  The decision to grant or deny IFP status under § 1915 lies within the district court's sound discretion.  *Engberg v. Wyoming*, 265 F.3d 1109, 1122 (10th Cir. 2001).

Based on the financial information provided by Plaintiff in his Motion and Affidavit of Financial Status, the Court believes Plaintiff may have the ability to pay at least a portion of the filing fee. However, because of the Court's recommendation of dismissal, *infra*, the Court will not require Plaintiff to provide partial payment of the filing fee but instead provisionally **GRANTS** his motion to proceed *in forma pauperis* (Doc. 4) pending any review by District Court of the Report & Recommendation of Dismissal contained herein. Should Plaintiff's Complaint survive the undersigned Magistrate Judge's recommendation of dismissal, the undersigned will reevaluate the issue of requiring the payment of a partial filing fee. Based on the remainder of this Order, however, the Clerk shall not issue summons for service upon the Defendant at this time.

## II.    Sufficiency of Claims.

When a Plaintiff proceeds IFP, the Court may screen the Complaint under 28 U.S.C. § 1915(e)(2). Pursuant to that section, a court "shall dismiss" an *in forma pauperis* case "at any time if the court determines that . . . the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." "When a plaintiff is proceeding *in forma pauperis*, a court has a duty to review the complaint to ensure a proper balance between these competing interests." *Mitchell v. Deseret Health Care Facility*, No. 13-1360-RDR-KGG, 2013 WL 5797609, at *1 (D. Kan. Sept. 30, 2013). The purpose of § 1915(e) is "the prevention of abusive or capricious litigation." *Harris v. Campbell*, 804 F. Supp. 153, 155 (D. Kan. 1992) (internal citation omitted) (discussing similar language contained in § 1915(d), prior to the 1996 amendment). *Sua sponte* dismissal under § 1915 is proper when the complaint clearly appears frivolous or malicious on its face. *Hall v. Bellmon*, 935 F.2d 1106, 1108 (10th Cir. 1991).

In addition, the Court also has an obligation to ensure it has subject matter jurisdiction to hear and resolve the action. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it

lacks subject-matter jurisdiction, the court must dismiss the action."). The Court may raise the issue *sua sponte*. *See 1mage Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006). Federal courts are courts of limited jurisdiction and may only exercise jurisdiction when authorized. *Pfuetze v. Kansas*, No. 10-1139-CM-GLR, 2010 WL 3892243, at *3 (D. Kan. Sept. 29, 2010), *aff'd*, 420 F. App'x 854 (10th Cir. 2011). When it becomes apparent that subject matter jurisdiction is lacking, the Court must dismiss the case regardless of the stage of the proceeding. *Fish v. Kobach*, 189 F. Supp. 3d 1107, 1124–25 (D. Kan. 2016). The Court has a duty to raise and resolve issues of subject matter jurisdiction, even if no party has objected to the exercise of jurisdiction. *Wachovia Bank v. Schmidt*, 546 U.S. 303, 305 (2006).

To determine whether a plaintiff has adequately alleged subject-matter jurisdiction, the Court looks to the face of the Complaint. *Penteco Corp. v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991). The Court will liberally construe the pleadings of a *pro se* plaintiff. *See Jackson v. Integra Inc.*, 952 F.2d 1260, 1261 (10th Cir.1991). This does not mean, however, that the Court must become an advocate for the *pro se* plaintiff. *Hall*, 935 F.2d at 1110. *See also Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594 (1972).

In determining whether dismissal is appropriate under § 1915(e)(2)(B), a plaintiff's complaint will be analyzed by the Court under the same sufficiency standard as a Rule 12(b)(6) Motion to Dismiss. *See Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007). In making this analysis, the Court will accept as true all well-pleaded facts and will draw all reasonable inferences from those facts in favor of the plaintiff. *See Moore v. Guthrie*, 438 F.3d 1036, 1039 (10th Cir. 2006). The Court will also liberally construe the pleadings of a *pro se* plaintiff. *See Jackson v. Integra Inc.*, 952 F.2d 1260, 1261 (10th Cir. 1991).

This does not mean, however, that the Court must become an advocate for the *pro se* plaintiff. *Hall*, 935 F.2d at 1110; *see also Haines v. Kerner*, 404 U.S. 519, 92 S. Ct. 594 (1972). Liberally

construing a *pro se* plaintiff's complaint means that "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110.

A complaint "must set forth the grounds of plaintiff's entitlement to relief through more than labels, conclusions and a formulaic recitation of the elements of a cause of action." *Fisher v. Lynch*, 531 F. Supp. 2d 1253, 1260 (D. Kan. 2008) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007), and *Hall*, 935 F.2d at 1110 (holding that a plaintiff need not precisely state each element but must plead minimal factual allegations on those material elements that must be proved)). "In other words, plaintiff must allege sufficient facts to state a claim which is plausible – rather than merely conceivable – on its face." *Fisher*, 531 F. Supp. 2d at 1260 (citing *Twombly*, 127 S. Ct. at 1974). Factual allegations in the complaint must be enough to raise a right to relief "above the speculative level." *Kay*, 500 F.3d at 1218 (citing *Twombly*, 127 S. Ct. at 1965).

The Court's relaxed scrutiny of the *pro se* plaintiff's pleadings "does not relieve [her] of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall*, 935 F.2d at 1110. "Conclusory statements unsupported by factual allegations are insufficient to state a claim, even for a *pro se* plaintiff." *Olson v. Carmack*, 641 F.App'x. 822, 825 (10th Cir. 2016). "This is so because a *pro se* plaintiff requires no special legal training to recount the facts surrounding his alleged injury . . . ." *Hall*, 935 F.2d at 1110.

While a complaint generally need not plead detailed facts, it must give the defendant sufficient notice of the claims asserted by the plaintiff so that they can provide an appropriate answer. *Monroe v. Owens*, 38 F.App'x 510, 515 (10th Cir. 2002). Rule 8(a) requires three minimal pieces of information to provide such notice to the defendant: (1) the pleading should contain a short and plain statement of the claim showing the pleader is entitled to relief; (2) a short and plain

4

statement of the grounds upon which the Court's jurisdiction depends; and (3) the relief requested. Fed. R. Civ. P. 8(a). After reviewing a plaintiff's Complaint and construing the allegations liberally, if the Court finds that he has failed to state a claim upon which relief may be granted, the Court is compelled to recommend that the action be dismissed.

Plaintiff's Complaint succinctly and eloquently details his claims for fraud, breach of fiduciary duty, and violation of the Fair Credit Reporting Act. More specifically, he contends that Defendant Boeing Financial,

> without [his] consent or authorization … , wrongfully released and disbursed funds in the amount of … ($95,776.88) from Plaintiffs designated financial account. This unauthorized disbursement was not only conducted without Plaintiffs knowledge but was also in direct contravention of the fiduciary duties owed by Boeing Financial to safeguard the financial assets entrusted to it by Plaintiff. The release of these funds occurred under circumstances that suggest either gross negligence or willful misconduct on the part of Boeing Financial, thereby inflicting substantial financial loss on Plaintiff.
> [ ] Subsequent to the unauthorized disbursement of funds by Boeing Financial, Defendant Bank of America Inc. (BOA), in a further and compounding act of malfeasance, established a fraudulent bank account in the name of Plaintiff. This unauthorized account creation took place shortly after the funds were disbursed from Plaintiff's original account and was facilitated by the improper use of Plaintiff's personal and financial information. Such actions by BOA were in clear violation of pertinent provisions of the United States Code, specifically aimed at protecting consumers against identity theft and financial fraud. Notably, these actions contravened 15 U.S.C. § 168lq, which criminalizes the willful procurement of consumer report information under false pretenses, and 18 U.S.C. § 1348, which addresses fraud in connection with securities and commodities.

(Doc. 1, at 4-5.)

Unfortunately for Plaintiff, he contends these events occurred almost a decade ago "[o]n or about August 25, 2015 … ." (*Id.*, at 4.) This raises serious statute of limitations concerns regarding the viability of Plaintiff's claims in federal court.

For instance, under Kansas law, a claim for fraud must be filed within two years of when "the act giving rise to the cause of action first causes substantial injury," or when "the fact of injury

becomes reasonably ascertainable to the injured party." *Strauss v. Angie's List*, No. 17-2560-HLT-TJJ, 2018 WL 5722561, at *7 (D. Kan. Nov. 1, 2018) (citation omitted). The statute of limitations on a claim for breach of fiduciary duty in Kansas is also two years. *Vance, et al. v. Vance*, No. 19-1136-EFM, 2023 WL 5929461, at *20 (D. Kan. Sept. 12, 2023) (citation omitted). Finally, the statute of limitations on a claim under the Fair Credit Reporting Act is " (1) 2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability; or (2) 5 years after the date on which the violation that is the basis for such liability occurs." 15 U.S.C.A. § 1681p.

Plaintiff's claim includes no allegations that he did not discover these events until sometime in the past two or five years. As such, the statute of limitations may bar his claims. Thus, the Court **recommends** to the District Court that Plaintiff's claims be **DISMISSED** on this basis.

**IT IS THEREFORE ORDERED** that Plaintiff's *IFP* Application (Doc. 4) is **GRANTED**.

**IT IS THEREFORE RECOMMENDED** to the District Court that Plaintiff's Complaint (Doc. 1) be **DISMISSED** for on the basis of the applicable statute(s) of limitations relating to his causes of action. The Clerk's office shall not issue summons in this case.

**IT IS ORDERED** that a copy of the recommendation shall be sent to Plaintiff via certified mail. Pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72, and D. Kan. Rule 72.1.4, Plaintiff shall have fourteen (14) days after service of a copy of these proposed findings and recommendations to serve and file with the U.S. District Judge assigned to the case, any written objections to the findings of fact, conclusions of law, or recommendations of the undersigned Magistrate Judge. Plaintiff's failure to file such written, specific objections within the 14-day period will bar appellate review of the proposed findings of fact, conclusions of law, and the recommended disposition.

**IT IS SO ORDERED and RECOMMENDED**.

Dated at Wichita, Kansas, on this 19th day of November, 2024.

/s/ BROOKS G. SEVERSON
Brooks G. Severson
United States Magistrate Judge