


UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

---

**LARRY DARNELL CRAYTON,**
**Plaintiff,**

v.                                                          Case No. 6:24-cv-01207-HLT-BGS

**BANK OF AMERICA, INC.,** and
**BOEING FINANCIAL BENEFITS SERVICES CENTER,**
**Defendants.**

---

**PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

**JURY TRIAL DEMANDED**

**COMES NOW,** Plaintiff **Larry Darnell Crayton**, pro se, and for his First Amended Complaint against Defendants **Bank of America, Inc.** ("BOA") and **Boeing Financial Benefits Services Center** ("Boeing Financial"), alleges as follows:

## I. INTRODUCTION

1. Plaintiff, **Larry Darnell Crayton** ("Plaintiff"), files this action seeking relief for the **fraudulent and deceptive practices** of BOA and Boeing Financial. Defendants engaged in **fraudulent misrepresentation, breach of fiduciary duty, and violations of the Fair Credit Reporting Act (FCRA)**, which have resulted in severe **financial harm, emotional distress, and lasting damage** to Plaintiff's financial standing.

2. Plaintiff seeks **compensatory damages, punitive damages, injunctive relief, and attorney's fees** as available under federal and state law.

## II. JURISDICTION AND VENUE

3. This Court has **subject matter jurisdiction** pursuant to **28 U.S.C. § 1332 (diversity jurisdiction)** because the parties are of diverse citizenship and the amount in

controversy exceeds **$75,000**. Additionally, **federal question jurisdiction** exists under **15 U.S.C. § 1681** (FCRA).

4. Venue is proper in this Court pursuant to **28 U.S.C. § 1391(b)** because a **substantial portion of the events** giving rise to this claim occurred in this judicial district.

## III. PARTIES

5. Plaintiff, **Larry Darnell Crayton**, is a **resident of Wichita, Kansas**.

6. Defendant **Bank of America, Inc. ("BOA")**, is a national banking institution headquartered in **Charlotte, North Carolina**, with substantial business operations in **Kansas**.

7. Defendant **Boeing Financial Benefits Services Center ("Boeing Financial")**, a business unit of **The Boeing Company**, is incorporated in **Virginia** and administers **financial benefits** such as pensions and retirement accounts.

## IV. FACTUAL ALLEGATIONS

8. On **August 25, 2015**, Boeing Financial **wrongfully disbursed $95,776.88** from Plaintiff's financial account **without his authorization**.

9. Shortly thereafter, **BOA opened a fraudulent account** in Plaintiff's name and deposited the misappropriated funds without Plaintiff's **knowledge or consent**.

10. Defendants engaged in **deliberate stall tactics** to **prevent Plaintiff from pursuing legal action**, including:

a) Misrepresenting the status of investigations from **2016 through 2023**, with each Defendant blaming the other.

b) Repeatedly **passing Plaintiff back and forth** while **acknowledging fraud** but failing to provide resolution.

c) Claiming there was "**no way they could communicate**" with each other to resolve the fraud, despite legal obligations to prevent financial crimes.

d) Intentionally delaying resolution to **run out the statute of limitations**.

e) **Plaintiff was stranded in the Philippines from 2014 to 2023** due to passport restrictions linked to **unpaid child support**, which could have been paid had the fraud not occurred. Defendants were aware of this and **deliberately stalled their investigation** to take advantage of Plaintiff's limited legal and financial resources abroad.

f) **In June 2024,** Plaintiff was **airlifted out of the Philippines by the U.S. State Department** due to **serious health conditions** caused by **prolonged stress and financial instability.** Plaintiff had spent **one month in the hospital** before his medical evacuation.

11. Plaintiff requested **both BOA and Boeing Financial** to provide **identification records** verifying the authorization of the account and disbursement. **Both Defendants replied that no identification had been provided at the time of the transaction.** This confirms that the disbursement and account opening were **unauthorized and fraudulent.**

12. **Defendants even admitted that the accounts were fraudulent but refused to return the money. Instead, each Defendant continued to claim it was the other's responsibility to return the misappropriated funds, resulting in deliberate evasion of accountability.**

13. To this day, Defendants' actions have **ruined Plaintiff's credit and destroyed him financially,** causing long-term economic hardship and emotional distress.

14. Due to Defendants' fraudulent actions, Plaintiff has suffered:

- **A heart attack,** caused by the extreme stress of financial instability.

- **Blindness and ongoing dialysis treatments,** exacerbated by prolonged financial hardship.

- **Loss of retirement savings,** causing severe **financial insecurity.**

## V. CLAIMS FOR RELIEF

### Count I – Fraud (Against All Defendants)

15. Defendants knowingly engaged in **fraudulent misrepresentation** by misusing Plaintiff's financial information and misleading Plaintiff regarding their fraud investigations. **Koch v. Koch Indus., Inc., 203 F.3d 1202, 1236 (10th Cir. 2000)** establishes the standard for fraud pleading.

16. Defendants' actions were **willful, malicious, and deceptive,** causing **severe financial harm. Holmberg v. Armbrecht, 327 U.S. 392 (1946)** supports equitable tolling when fraud prevents timely filing.

### Count II – Breach of Fiduciary Duty (Against Boeing Financial)

17. Boeing Financial owed Plaintiff a fiduciary duty to **safeguard his financial assets**. **Restatement (Third) of Agency § 8.01 (2006)** establishes this obligation.

18. Boeing Financial **breached this duty** by allowing **unauthorized disbursements** and misleading Plaintiff for years. **Varner v. Peterson Farms, 371 F.3d 1011 (8th Cir. 2004)** demonstrates how courts handle financial fiduciary breaches.

**Count III – Violation of the Fair Credit Reporting Act (Against BOA)**

19. BOA **willfully violated FCRA** by misusing Plaintiff's personal and financial information to open fraudulent accounts. **Safeco Ins. Co. of Am. v. Burr, 551 U.S. 47 (2007)** defines willful violations of FCRA.

20. BOA's actions **severely harmed Plaintiff's credit score and financial stability,** which continue to this day. **Dalton v. Capital Assoc. Indus., Inc., 257 F.3d 409 (4th Cir. 2001)** supports the claim that reckless disregard of FCRA constitutes willful violation.

**SIGNATURE**

*/s/ Larry Darnell Crayton/*

**Larry Darnell Crayton**
1555 W 23rd St N, #122
Wichita, KS 67204
(316)945-6113
02/03/2025

**Filed Pro Se**