IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LARRY DARNELL CRAYTON,

    **Plaintiff,**

v.

BANK OF AMERICA, INC. and
BOEING FINANCIAL BENEFITS
SERVICES CENTER,

    **Defendants.**

Case No. 6:24-cv-01207-HLT-BGS

## ORDER

This case is about financial transactions that occurred nearly a decade ago. Defendants Bank of America, Inc. and Boeing Financial Benefits Services Center initiated the transactions. Plaintiff Larry Darnell Crayton[1] claims that these transactions were fraudulent and that Defendants at first concealed the fraud and then later blamed each other for the problem. Plaintiff alleges that from 2016 through 2023, both defendants misrepresented the status of their investigations, acknowledging fraud but denying responsibility. Plaintiff eventually filed suit in November 2024. He brings claims for fraud, breach of fiduciary duty, and violation of the Fair Credit Reporting Act (FCRA).

Judge Severson initially recommended dismissing Plaintiff's complaint as barred by the statute of limitations. Doc. 5. This Court permitted Plaintiff to amend his complaint to include factual allegations about equitable tolling and the delayed discovery rule. Doc. 8. Plaintiff amended. Doc. 9. Judge Severson again screened Plaintiff's complaint under

---

[1] Plaintiff proceeds pro se and in forma pauperis. The Court liberally construes Plaintiff's pro se filings and holds them to a less stringent standard than those drafted by lawyers. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the Court does not assume the role of advocate. *Id*.

28 U.S.C. § 1915(e)(2). She (again) recommends dismissal. Doc. 11. Plaintiff objects. Doc. 13. The Court dismisses the case because Plaintiff's amended complaint demonstrates that his claims are untimely. He pleads facts indicating that he knew of the fraud in 2016. And his proffered reasons for delay do not justify equitable tolling.

Courts may screen the complaint of a plaintiff who proceeds in forma pauperis. A court may then dismiss the complaint if it determines that the action fails to state a claim on which relief may be granted.[2] A magistrate judge who completes the initial review must issue a report and recommendation (R&R) for a decision by the district judge because this is a dispositive matter. The district judge reviews de novo those portions of the magistrate judge's R&R to which written objections have been made. Fed. R. Civ. P. 72(b)(3). If no specific objections are timely made, the district judge may review the R&R under any standard she finds appropriate. *Price v. Kansas*, 2016 WL 4500910, at *1 (D. Kan. 2016) (citing *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991)). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

The undersigned has reviewed the amended complaint, the second R&R, and Plaintiff's new objections de novo. Plaintiff objects to Judge Severson's recommendation and argues that (1) fraudulent concealment tolls the statute of limitations, and (2) Defendants engaged in a cover-up for three years, stalling Plaintiff's investigation and effectively preventing Plaintiff from filing suit sooner.

A court may dismiss a complaint under 28 U.S.C. § 1915 if the allegations make it patently clear that the statute of limitations bars the action. *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th

---

[2] There are also other grounds for dismissal. *See* 28 U.S.C. § 1915(e)(2)(B).

Cir. 2006); *see also Jones v. Bock*, 549 U.S. 199, 214 (2007); *Patton v. Thomas*, 2021 WL 2666790, at *2 (D. Kan. 2021). A plaintiff who alleges tolling bears the burden to establish a factual basis for tolling. *Aldrich v. McCulloch Props., Inc.*, 627 F.2d 1036, 1041 n.4 (10th Cir. 1980). But the statute of limitations does not begin running until a plaintiff discovers fraud or learns of facts that would prompt investigation by a reasonable person. *Mariscal v. Valadez*, 2024 WL 4692054, at *6 (D. Kan. 2024)

The Court adopts Judge Severson's R&R. Judge Severson identified the correct law identifying the statutes of limitation for Plaintiff's claims (two years for each). She also correctly identified circumstances under which the accrual of Plaintiff's claim might have been delayed or the statutory period tolled (until he learned of the fraud). And she identified the portions of Plaintiff's amended complaint that established the untimeliness of his claims. Specifically, Plaintiff alleges:

> 8. On **August 25, 2015,** Boeing Financial **wrongfully disbursed $95,776.88** from Plaintiff's financial account **without his authorization.**
> 9. Shortly thereafter, **BOA opened a fraudulent account** in Plaintiff's name and deposited the misappropriated funds without Plaintiff's **knowledge or consent.**
> 10. Defendants engaged in **deliberate stall tactics** to **prevent Plaintiff from pursuing legal action,** including:
> a) Misrepresenting the status of investigations from **2016 through 2023,** with each Defendant blaming the other.
> b) Repeatedly **passing Plaintiff back and forth** while **acknowledging fraud** but failing to provide resolution.
> c) Claiming there was **"no way they could communicate"** with each other to resolve the fraud, despite legal obligations to prevent financial crimes.
> d) Intentionally delaying resolution to **run out the statute of limitations.**
>
> . . . .
>
> 12. Defendants even admitted that the accounts were fraudulent but refused to return the money. Instead, each Defendant continued to

> claim it was the other's responsibility to return the misappropriated funds, resulting in deliberate evasion of accountability.

Doc. 9 at 2-3. Plaintiff also alleges that he was stranded in the Philippines from 2014 to 2023. He alleges that he asked Defendants to provide records to verify authorization of the account and disbursement. But Defendants did not, instead stalling the investigation.

The problem with the facts alleged are that they show (1) the transaction happened in 2015; (2) Plaintiff knew about it by 2016,[3] when Defendants began misrepresenting the status of investigations; and (3) Defendants did not cooperate with Plaintiff to determine what happened, stalling and shifting blame. But these facts do <u>not</u> show that Defendants kept Plaintiff from discovering the alleged fraud or from "learn[ing] facts that would lead a reasonable person to investigate." *Mariscal*, 2024 WL 4692054, at *6. And they do <u>not</u> show that Defendants kept Plaintiff from discovering the likely existence of his claims for breach of fiduciary duty and violation of the FCRA. Instead, Plaintiff's allegations show that he knew about the fraud in 2016 but sat on his rights until 2024. Defendants' conduct did not help the situation. They likely complicated matters for Plaintiff. But Plaintiff was aware that fraud had occurred and could have filed suit at any time. He simply waited too long to file this case.

THE COURT THEREFORE ORDERS that the Report & Recommendation (Doc. 11) is ADOPTED. The Court dismisses Plaintiff's case. The case is closed.

IT IS SO ORDERED.

Dated: March 13, 2025                    /s/ *Holly L. Teeter*
                                         HOLLY L. TEETER
                                         UNITED STATES DISTRICT JUDGE

---

[3] Plaintiff admits in his objection that he knew of the fraud in July 2018. This date discrepancy is immaterial. Both 2016 and 2018 are more than two years before 2024.